## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN DAVIS<br>WAL-MART STORES, INC.<br>FICTITIOUS PARTIES A, B AND C,<br><br>     Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.<br>FICTITIOUS PARTIES A, B AND C<br><br>     Defendants. | *<br><br><br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CASE NO. |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF ALABAMA
        SOUTHERN DIVISION

Defendant, WAL-MART STORES, INC. ("Wal-Mart"), gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Baldwin County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. As grounds for this removal, Defendant shows as follows:

1. An action was commenced against Wal-Mart in the Circuit Court of Baldwin County, Alabama, entitled "*Carolyn Davis, Plaintiff v. Walmart Stores, Inc.*" Civil Action No. 05-CV-2021-901406. Attached as Exhibit "A" is the state court file in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Baldwin County, Alabama, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Wal-Mart on January 5, 2022, which was Wal-Mart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Alabama, Southern Division, within thirty days of receipt by the Defendant of papers setting forth the claim for relief upon which Plaintiff's action is based in accordance with 28 U.S.C. § 1446(b)(1). The Circuit Court of Baldwin County, Alabama, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Alabama. In her Complaint, Plaintiff states that she is a resident of Alabama. (Complaint, ¶ 1.)

6. Walmart Inc. (formerly known as "Wal-Mart Stores, Inc.") is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a publicly traded company incorporated under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a Delaware limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and

was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Walmart Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Walmart Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

      7.     Plaintiff's Complaint seeks unspecified actual/compensatory and damages for personal injuries to Plaintiff, Carolyn Davis, including damages for physical injuries, medical expenses, and past and future physical pain and mental suffering. (Complaint, ¶ 7).

      8.     As to the amount in controversy, on April 9, 2021, Plaintiff's counsel sent a pre-suit demand to Wal-Mart alleging that Plaintiff sustained left shoulder and left knee injuries as the direct and proximate result of her incident at Wal-Mart and was treated by The Orthopedic Group, Encore Rehab, and the South Baldwin Regional Medical Center and incurred medical expenses in the amount of Twenty Three Thousand, Five Hundred and no/100 Dollars ($23,500. 27). In addition, Plaintiff alleges

she sustained an unspecified amount of lost wages and made a settlement demand in the amount of One Hundred Ninety Three Thousand and18/100 Dollars ($193,771.18) (Exhibit "B").

      10.    It is well settled that "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1061 (11th Cir.2010) (citations and internal quotation marks omitted). However, a removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir.2010). Rather, the defendant may meet its burden by showing either that it is facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, or that there is "additional evidence demonstrating that removal is proper." *Roe,* 613 F.3d at 1061 (citations omitted). Correspondence from a plaintiff's counsel containing medical records, as relied upon here, can constitute "other paper" to support jurisdiction within the meaning of 28 U.S.C. § 1446(b), *see Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007), Settlement offers that provide "specific information ... to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight. *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998). *See also Surles v. Scott*, 2018 WL 3827398 (S.D. Ala. 2008) ("… while the Court cannot speculate on the amount in controversy, it can rely on its judicial experience and common sense in considering whether the amount in controversy has been met. In this case, in addition to medical expenses, Plaintiffs seek recovery of damages for lost wages, pain and suffering, and punitive damages arising out of a collision between their automobile and a truck on an interstate highway that resulted in their automobile landing in the median. Based upon these facts and the amount of the medical expenses

incurred, the Court finds that Defendants have met their burden of proving that the amount in controversy exceeds the jurisdictional limits of this Court.")

11. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

12. Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Baldwin County, Alabama, and a written notice of this removal has been served on all adverse parties as required by law.

13. If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted January 28, 2022.

/s/ W. Pemble DeLashmet  
W. PEMBLE DELASHMET  (DELAW0873)  
wpd@delmar-law.com  
CHAD C. MARCHAND       (MARCC5089)  
ccm@delmar-law.com  
MIGNON M. DELASHMET  (DELAM4994)  
mmd@delmar-law.com  
*Attorneys for Defendant Wal-Mart Stores, Inc.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.  
Post Office Box 2047  
Mobile, AL  36652  
Telephone:     (251) 433-1577

Facsimile:   (251) 433-7994

CERTIFICATE OF SERVICE

     I hereby certify that I have on this day January 28, 2022 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

T. Randall Lyons, LLC
Maloney, Frost, Lyons, LLC
601 Government Street
Mobile, Alabama  36602

                                                      */s/ W. Pemble DeLashmet*_____
                                                      OF COUNSEL